UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**05 11530 NG**

JEFFREY BAUER and )
MARY BAUER, )
 )
      Plaintiffs, )
 ) Civil Action No.
V. )
 )
WILLIAM K. HAAS, )
 )
      Defendant. ) MAGISTRATE JUDGE RBC
 )

RECEIPT #_____
AMOUNT $250
SUMMONS ISSUED ✓
LOCAL RULE 4.1 ✓
WAIVER FORM ____
MCF ISSUED ____
BY DPTY. CLK. ____
DATE 7/20/05

## PLAINTIFFS' COMPLAINT AND JURY DEMAND

### Parties

1. The Plaintiff, Jeffrey Bauer is an individual whom resides at 30 Deerfield Lane South, Pleasantville, New York.

2. The Plaintiff, Mary Bauer, is an individual whom resides at 30 Deerfield Lane South, Pleasantville, New York.

3. Upon information and belief, the Defendant, William K. Haas is an individual whom resides at 1581 Ten Rod Road, Exeter, Rhode Island.

### Jurisdiction

4. Jurisdiction is proper in the United States District Court for the District of Massachusetts pursuant to diversity jurisdiction as provided for by 28 U.S.C. § 1332.

5. The parties are citizens of different states with the Plaintiffs residing and holding their domicile in New York and the defendant residing and maintaining his domicile in Rhode Island.

1

6. The subject matter of the litigation surrounds the retention of a one hundred thousand dollar ($ 100,000.00) deposit paid by the plaintiff for the purchase of real property located in Tisbury, Massachusetts.

### Venue

7. The events comprising this litigation have occurred in Massachusetts together with the real property to which this litigation relates. In addition, the $ 100,000.00 deposit which is the principal amount in controversy in this litigation currently being held in escrow in West Tisbury, Massachusetts within the United States District of Massachusetts.

### Factual Background

8. On or about sometime in May, 2005, the plaintiffs and defendant entered into a binding Purchase and Sale Agreement (hereinafter "Agreement") for a plot of vacant land consisting of approximately 1.25 acres and situated along John Hoft Road located in Tisbury, Massachusetts.

9. The Agreement called for the defendant to "convey a good and clear record and marketable title thereto…"

10. The defendant could not convey clear and marketable title as the property did not contain a formal grant of access.

11. The plaintiffs performed each and every obligation that they were required to perform pursuant to the Agreement.

12. Paragraph 10 of the Agreement contained a provision that allowed for a brief extension of time for the defendant [seller] to perfect any title issues. The Agreement stated in pertinent part, "[i]f the Seller shall be unable to give title or to make conveyance, or to deliver possession of the Premises, all as herein stipulated, or if at the time of the delivery of the deed the Premises do not conform with the provisions hereof, then the Seller shall use reasonable efforts to remove any

defects in title, or to deliver possession as provided herein, or to make the Premises conform to the provisions hereof, as the case may be, in which event the Time of Closing shall be extended for a period of thirty (30) days or the expiration of the Buyers mortgage commitment date, whichever is sooner..."

13. Paragraph 11 of the Agreement required that if at the expiration of the extended time pursuant to paragraph 10 of the Agreement, the defendant had not cured the defects in title, then at the Buyer's option, the Agreement could be voided, and any payments made to be forthwith refunded leaving the parties without any further recourse pursuant to the Agreement.

14. The Closing was scheduled for 2:00 p.m. on June 28, 2005.

15. On June 28, 2005, the defendant could not convey clear and marketable title to the subject property because there was never an easement for access or some explicit grant of access provided to and recorded by the defendant.

16. The Plaintiffs' mortgage commitment expired on July 1, 2005.

17. Pursuant to the Agreement, the plaintiffs, through their attorney notified the defendant that they were canceling the Agreement and demanded the return of their deposit.

18. The deposit is being held by Tea Lane Associates as escrow agent for this transaction.

19. The defendant has refused to provide his assent to the return of the plaintiffs' deposit.

### COUNT ONE -- BREACH OF CONTRACT

20. The Plaintiffs reallege each and every allegation above stated as if fully restated herein.

21. The Agreement constituted a binding contract and obligation between the Plaintiffs and Defendant.

22. The Defendant has breached the contract by failing to perform under the contract and return or otherwise provide assent for the return of Plaintiffs' deposit.

23. As a proximate result of the defendant's actions, the plaintiffs have been damaged and will likely sustain additional costs and consequential damages through the defendant's breach of contract.

## PRAYERS FOR RELIEF

**WHEREFORE**, the plaintiffs pray that this Honorable Court:

a. Enter judgment for the plaintiffs against the defendant;

b. Award the plaintiff costs, interest, attorney's fees, and other such further relief as the Court deems just and proper.

**THE PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL ISSUES AND MATTERS**

                Respectfully submitted,
                Plaintiffs,
                Jeffrey Bauer & Mary Bauer
                By their Attorneys,

                _____
                Gerry D'Ambrosio, Esq., BBO #564199
                Peter A. Brown, Esq., BBO #654805
                *D'Ambrosio Law Offices*
                C-1 Shipway Place
                Boston, MA 02109
                T. 617-720-5657
                F. 617-723-4967

DATED: July 19, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Jeffrey Bauer v William K. Haas__

   05 11530 NG

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I.   160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

   ☐ II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
          740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.           for patent, trademark or copyright cases

   ☒ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
          315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
          380, 385, 450, 891.

   ☐ IV.  220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
          690, 810, 861-865, 870, 871, 875, 900.

   ☐ V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   __None__

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

   YES ☐   NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES ☐   NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES ☐   NO ☒

   A. If yes, in which division do all of the non-governmental parties reside?

      Eastern Division ☐   Central Division ☐   Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

      N/A

      Eastern Division ☐   Central Division ☐   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? ( yes, submit a separate sheet identifying the motions)

   YES ☐   NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Peter A. Brown__
ADDRESS __C/ Shipway Place, Boston, MA 02129__
TELEPHONE NO. __617-760-5697__

(CategoryForm.wpd - 5/2/05)

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

## DEFENDANTS

(b) County of Residence of First Listed Plaintiff __Westchester, NY__
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant __Washington County, RI__
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number) (617)
D'Ambrosio Law Offices  720-5657
C1 Shipway Place, Boston, MA 02129

Attorneys (If Known)   (508) 693-7733
George Brush, Esq.
P.O. Box 1317, West Tisbury, MA 02575

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability |  | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  |  | ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability |  |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  |  |  | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other |  |  |  |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause:
Breach of Purchase and Sale Agreement due to refusal to return deposit.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 100,000.00 +

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):  JUDGE _____  DOCKET NUMBER _____

DATE _____  SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____